EDOK Criminal Complaint (Revised 6/13)

# United States District Court
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>KEVIN AVILA-GONZALEZ,<br><br>*Defendant.* | **CRIMINAL COMPLAINT**<br><br>Case No.  23-MJ-007-JAR |

I, Kevin D. Fox, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about November 3, 2022, in the Eastern District of Oklahoma, Kevin AVILA-GONZALEZ, committed the crime of **Possession with Intent to Distribute Methamphetamine**, in violation of Title 21, United States Code, Section(s) 841(a)(1) and (b)(1)(A).

I further state that I am a Task Force Officer with the Drug Enforcement Administration, and that this complaint is based on the following facts:

(See attached Affidavit of Kevin D. Fox, which is attached hereto and made a part hereof by reference.)

☒   Continued on the attached sheet.

_____
Kevin D. Fox
Task Force Officer
Drug Enforcement Administration

Sworn to on  January 12, 2023

**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer



## **AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Kevin Fox, being duly sworn, depose and state that:

## **INTRODUCTION**

1. I am employed by the District 18 District Attorney's Office as a Drug and Violent Crimes Investigator and have been so since July 2015. In April 2017, I was assigned as a Task Force Officer with the Drug Enforcement Administration (DEA), and currently remain in that position. In addition to the DEA, I am assigned to the District 18 District Attorney's Office Drug and Violent Crimes Program. During my assignment with the DEA, I have specialized in investigations involving narcotics trafficking and money laundering. I have received specialized training on the subject of narcotics trafficking and have been personally involved in investigations concerning the possession, manufacture, and distribution of controlled substances, as well as methods used to finance drug transactions.

2. I have been a sworn fulltime police officer for the State of Oklahoma since 2013. I have participated in and supported numerous narcotic investigations involving the illegal manufacturing, possession, sale, and distribution of many different types of controlled substances.

3. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, as well as from information obtained from discussions with other experienced law enforcement officers. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause. The following is true to the best of my knowledge and belief.

## PROBABLE CAUSE

4.  This Affidavit is made for the limited purpose of establishing probable cause in support of a Criminal Compliant and Arrest Warrant. As set forth below, there is probable cause to believe that KEVIN AVILA-GONZALEZ (AVILA-GONZALEZ) committed the crime of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

5.  On November 3, 2022, at 7: 42 P.M., Oklahoma Highway Patrol Trooper Francisco Valdez was monitoring northbound traffic on Interstate 35, near Mile Marker 54 in Murray County, Oklahoma, within the Eastern District of Oklahoma, when he observed a black Jeep Cherokee displaying Texas tag SFH6486 perform a lane violation - impeding the left lane. Trooper Valdez conducted a traffic stop on the Jeep Cherokee for the lane violation.

6.  Upon making contact with the driver and only occupant of the Cherokee, Trooper Valdez identified AVILA-GONZALEZ by his Mexico indentfication card. Trooper Valdez requested AVILA-GONZALEZ to have a seat in Trooper Valdez's patrol vehicle while he issued him a warning citation. Once inside the patrol vehicle, Trooper Valdez observed AVILA-GONZALEZ breathing rapidly and his lips visibly shaking while engaged in casual conversation.

7.  AVILA-GONZALEZ told Trooper Valdez that he was coming from his apartment in Dallas, Texas, where he had lived for the past two months. AVILA-GONZALEZ explained that he had previously lived in Houston. While checking information from a license plate reader system, Trooper Valdez found that information showed the Jeep Cherokee coming from Houston, Texas that day. AVILA-GONZALES stated he was the owner of the Cherokee, but the vehicle registration was in the name of "JR", a friend of AVILA-GONZALEZ'. AVILA-GONZALEZ told Trooper Valdez he worked construction and was traveling to Oklahoma City. Trooper Valdez noted there was no luggage or tools inside the vehicle. Trooper Valdez felt AVILA-GONZALEZ

2

was being deceptive noting changes in facial expressions, posture, tone/volume of his voice, and the travel plans being different from that shown by the license plate readers.

8.  Trooper Valdez requested assistance from Davis Police Department K-9 Officer Gary "Jake" Smith and OHP Trooper Zane Shores. AVILA-GONZALEZ told Trooper Valdez that he had prevoulsy been deported from the United States and indicated that he was nervous because "Highway Patrol" had previously deported him. Trooper Valdez completed issuing the warning citation and returned all documents to AVILA-GONZALEZ. As AVILA-GONZALEZ began to exit Trooper Valdez' vehicle, Trooper Valdez asked if he could ask AVILA-GONZALEZ a few more questions. AVILA-GONZALEZ agreed and remained in Trooper Valdez' vehicle. Trooper Valdez asked if there was anything illegal in the vehicle and AVILA-GONZALEZ replied no. Trooper Valdez asked if there were any large quanties of drugs in the vehicle. AVILA-GONZALEZ looked at the floorboard and replied no. Trooper Valdez asked for consent to search the Cherokee as AVILA-GONZALEZ replied "well... Yes it is okay, I do not know." Trooper Valdez again asked for consent to search the vehicle as AVILA-GONZALEZ asked, "do you have a permit to search" and stated "well if you don't have an authorization.... then no." Trooper Valdez informed AVILA-GONZALEZ that he and his vehicle were being detained while Officer Smith deployed his K-9 and conducted a free air sniff of the Cherokee. Officer Smith advised Trooper Valdez that his K-9 displayed a positive alert and AVILA-GONZALEZ's vehicle was searched due to probable cause.

9.  During the search of the vehicle, Trooper Valdez and Officer Smith located a cardboard box in the rear cargo area of the vehicle . Trooper Valdez cut open the box and noticed ten zip-lock bags containing a crystalzied substance. Trooper Valdez returned to his patrol vehicle but noticed AVLIA-GONZALEZ was gone. Trooper Valdez notified Troop F Dispatch that AVLIA-GONZALEZ had fled. Shortly after, Lighthorse Police Officer Jared Buckaloo located

AVLIA-GONZALEZ running in an open field. Trooper Zane Shores took AVLIA-GONZALEZ into custody. Trooper Valdez conducted a field test of the crystalized substance and received a positive indication for methamphetamine. The crystalline was found to have a total approximate weight of 10 kilograms. AVILA-GONZALEZ was arrested on state charges of Aggravated Trafficking of Methamphetamine, Attempting to Elude a Peace Officer, and Obstructing an Officer and transported to the Murray County Jail.

10. On that same date, AVLIA-GONZALEZ was interviewed at the Murray County Jail by DEA TFO Brad Neff and SA Kenneth Healy with Trooper Valdez translating. AVLIA-GONZALEZ was verbally advised of his Miranda Rights in Spanish. AVLIA-GONZALEZ agreed to speak with law enforcement. During the interview AVLIA-GONZALEZ indicated earlier in the day he met an unknown Hispanic male in Fort Worth at Mi Tierra Meat Market and picked up a taped cardboard box that AVLIA-GONZALEZ said contained "ice" but denied knowing the weight. Note: "Ice" is a term frequently used to describe methamphetamine due to its appearance.

## CONCLUSION

11. Based on the foregoing facts and my training and experience, I believe there is probable cause to believe that KEVIN AVILA-GONZALEZ committed the crime of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Kevin D. Fox
Task Force Officer
Drug Enforcement Administration

Sworn to me on this 12th day of January, 2023.

JASON A. ROBERTSON
United States Magistrate Judge

4